IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTINA A. ARGYROPOULOS,

Plaintiff,

v.

CITY OF ALTON, an Illinois Municipal
Corporation, STEVEN DUTY, Individually,
CHRIS SULLIVAN, Individually, and
TIM BOTTERBUSH, Individually,

Defendants.                                              No. 03-CV-0810-DRH

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

### I. Introduction and Background

Now before the Court is Plaintiff's Rule 60(b)(3) motion for relief from judgment (Doc. 117). Specifically, Argyropolous argues that the Court should grant her relief from judgment because the unaltered tape contained evidence of official misconduct because Lane and Adams falsely accused her, intimidated her and disavowed their official duty to investigate her formal complaint of conduct she reasonably believed was sexual harassment. Argyropolous argues that the digitally enhanced copy of the tape confirms that she did not record a conversation between Sgt. Botterbush, Captain Lane, and Lieutenant Adams on April 28, 2003 despite the defendants' false charges against her. Defendants oppose the motion arguing that the tapes were not altered; that Plaintiff has no evidence to support the allegation

that the tapes were altered and that the tapes had no bearing on the Court's decision to grant summary judgment in favor of Defendants (Doc. 119). Based on the following, the Court denies Plaintiff's Rule 60(b)(3) motion for relief from judgment (Doc. 117).

## II. Analysis

**Rule 60(b)(3)** authorizes a district court to relieve a party from final judgment or order for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." **Fed.R.Civ.P. 60(b)(3)**. The Seventh Circuit emphasized that Rule 60(b) relief is reserved for exceptional circumstances. ***Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994)**. The rule does not permit a party to correct simple legal errors. "Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'" ***Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 697 (7th Cir. 2000)(quoting *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995))**.

Here, Plaintiff has presented no special circumstances justifying the extraordinary remedy. Further, Plaintiff has not presented evidence and the record does not reveal any fraud. The Court did not consider the tapes as part of its reasoning for granting summary judgment in favor of Defendants. In fact, the Court found that based on the evidence in the record, that Plaintiff failed to present sufficient facts that would support or prove any of the counts alleged in her

complaint. In particular, the Court stated:

> Defendants maintain that Plaintiff was terminated for legitimate, non-discriminatory, non-retaliatory reasons, which included Plaintiff's poor work performance and her alleged criminal conduct. Plaintiff contends that she was not engaging in criminal conduct when she tape recorded her meeting with her supervisors. Rather, Plaintiff argues that her conduct was protected because it falls within an exception to the Illinois Eavesdropping law, which provides that recording a conversation may be allowed if a party has a reasonable suspicion that another party to the conversation has, will, or is committing a crime. **720 ILCS 5/14-3**. Plaintiff has alleged that she recorded the conversation because she believed that Defendants were about to violate Title VII. However, a Title VII violation amounts to a civil offense <u>not</u> a crime. Therefore, the exception does not apply.
> The Seventh Circuit has held that "an employee's complaint of harassment does not immunize her from being subsequently disciplined or terminated for inappropriate workplace behavior." ***Hall, 276 F.3d at 356***. Clearly, Defendants have proffered a legitimate reason for terminating Plaintiff. The record supports Defendants' explanation that Plaintiff's work performance was not satisfactory. Plaintiff's evaluation in November, 2002 noted several deficiencies and Plaintiff had been written up for other problems with her work. More importantly, Plaintiff had engaged in conduct, in the workplace, that led to her being arrested and charged with a felony. Plaintiff has failed to establish that Defendants' explanation is merely pretext. The Court finds that Defendants terminated Plaintiff for a legitimate reason and not out of retaliation.

(Doc. 115; ps. 12-13). Moreover, the Court finds that the content of the tapes is irrelevant and immaterial based on Plaintiff's claims. The Court remains convinced of the correctness of its position. Thus, the Court rejects Plaintiff's Rule 60(b)(3) relief.

### IV. <u>Conclusion</u>

Accordingly, the Court **DENIES** Plaintiff's Rule 60(b)(3) motion for relief from judgment (Doc. 117). Further, the Court **DENIES as moot** Plaintiff's motion

for order to stay and for limited discovery (Doc. 118); Defendants' motion to strike Plaintiff's purported affidavit or, in the alternative, motion to strike portions of Plaintiff's purported affidavit (Doc. 120); Defendants' motion to strike purported affidavit of James Gregson or, in the alternative, motion to strike portions of purported affidavit of James Gregson (Doc. 121); Plaintiff's motion to supplement (Doc. 123) and Defendants' motion to strike Plaintiff's motion to supplement (Doc. 124).

**IT IS SO ORDERED.**

Signed this 22nd day of March, 2007.

/s/     David  RHerndon
**United States District Judge**